IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD TERANTINO,** | : | CIVIL ACTION NO. 1:21-CV-1248 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **FAWN FORTSON, ROBERT LYNCH,** | : | |
| **PAULA PRICE, KEVIN KAUFFMAN,** | : | |
| **and JOHN WETZEL,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Edward Terantino filed this *pro se* lawsuit under 42 U.S.C. § 1983, alleging constitutional violations by various officials and medical department staff at the State Correctional Institution in Huntingdon, Pennsylvania. The lone remaining defendant now moves for summary judgment based on failure to exhaust administrative remedies. For the following reasons, we will grant this motion.

**I.     Factual Background & Procedural History**

The gravamen of Terantino's lawsuit is that he was allegedly denied prescription medication over a three-week period in mid-2020. According to Terantino, he turned in his expiring stickers for self-administered medication on June 15, 2020, as he would run out of those medications on June 18, 2020. (Doc. 1 at 5). The following day, defendant Certified Registered Nurse Practitioner Fawn

Fortson[1] came to his cell and asked whether he needed his prescriptions renewed, to which Terantino responded affirmatively. (Id.) Fortson then specifically asked if he wanted his prescription for Meloxicam renewed, and Terantino again responded that he did. (Id.) A dispute ensued regarding payment for the Meloxicam. (Id.) Fortson allegedly told Terantino that he would have to pay for the Meloxicam to be reissued and Terantino claims he responded that he had never previously paid for the renewal, would not pay for the renewal this time, and—if charged for it—would bring the issue to Fortson's supervisor. (Id. at 5-6).

Terantino claims that this exchange was tense and angered Fortson. (Id.) He alleges that Fortson then deliberately, and with the intent to harm him, entered his prescription refill orders into the wrong section of the computer, thereby causing a substantial delay in receipt of his medications. (Id. at 6, 7). He describes the prescriptions as "life sustaining" medications, including Atorvastatin (for cholesterol), Glipizide (for Type II diabetes), Lisinopril (for high blood pressure), Furosemide (for water retention), and a blood thinner. (Id. at 7). Terantino avers that he spoke with multiple nurses about his missing medications between June 18 and July 3, 2020, to no avail. (Id. at 6-7).

On July 3, Terantino filed an inmate grievance (number 876511), asserting that he had not received any of his self-administered medications since June 18.

---

[1] Fortson's last name is sometimes listed as "Baldauf," which appears to be a prior maiden name. (See Doc. 1 at 5, 10; Doc. 16 at 1, 3; Doc. 22 at 3). We will use the last name "Fortson" to avoid confusion, as this is how she is identified in Terantino's complaint. (See Doc. 1 at 3).

2

(Id. at 9). The grievance was addressed and denied on July 13, 2020, by defendant Registered Nurse Supervisor Robert Lynch. (Id. at 10). Terantino did not indicate in his complaint whether he appealed this first-level grievance denial.

On June 30, 2021, Terantino filed the instant lawsuit, asserting an Eighth Amendment claim of deliberate indifference to serious medical needs. (See generally Doc. 1; see id. at 8). He named as defendants Fortson and Lynch, as well as Health Care Administrator Paula Price, SCI Huntingdon Superintendent Kevin Kauffman, and then-Secretary of the Pennsylvania Department of Corrections (DOC) John Wetzel.

Defendants moved to dismiss Terantino's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 14, 20). On May 6, 2022, we granted dismissal as to all defendants except Fortson.[2] (See generally Docs. 24, 25). Fortson, in her motion to dismiss, challenged the sufficiency of the complaint and also argued that Terantino had failed to administratively exhaust his claim against her. We rejected Fortson's sufficiency argument but permitted her to reassert her administrative exhaustion challenge via Federal Rule of Civil Procedure 56. (See Doc. 24 at 10).

Fortson has done just that. (See Doc. 27). Her Rule 56 motion regarding administrative exhaustion is fully briefed and ripe for disposition.

---

[2] The DOC defendants were dismissed without prejudice and Terantino was given 21 days to file an amended complaint. (See Doc. 25 ¶ 3). No amended complaint was filed, so the DOC defendants' dismissal became final. (See Doc. 30 at 1).

## II. <u>Legal Standard</u>

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(a). The burden of proof is on the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. <u>Pappas v. City of Lebanon</u>, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250-57 (1986); <u>Matsushita Elec. Indus. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-89 (1986); <u>see also</u> FED. R. CIV. P. 56(a), (e). Only if this threshold is met may the cause of action proceed. <u>Pappas</u>, 331 F. Supp. 2d at 315.

## III. <u>Discussion</u>

Fortson asserts that Terantino failed to administratively exhaust his Eighth Amendment medical deliberate indifference claim against her and that this claim is now barred. We agree.

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e *et seq.*, requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations. See <u>id.</u> § 1997e(a); <u>Ross v. Blake</u>, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted). Proper exhaustion is mandatory, even if the inmate is seeking relief— like monetary damages—that cannot be granted by the administrative system. See

4

Woodford v. Ngo, 548 U.S. 81, 85 (2006). The exhaustion process is governed by the contours of the prison grievance system in effect where the inmate is incarcerated. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Woodford, 548 U.S. at 90-91.

Pennsylvania's Department of Corrections employs a three-step grievance process that must be completed to properly exhaust administrative remedies in most cases. See Booth v. Churner, 206 F.3d 289, 292 n.2 (3d Cir. 2002); COMMONWEALTH OF PA., DEP'T OF CORR., INMATE GRIEVANCE SYS., Policy No. DC-ADM 804 (May 1, 2015) (hereinafter "DC-ADM 804"). If informal resolution attempts do not resolve the problem, the first step is to file a written grievance (using form DC-804, Part 1) with the Facility Grievance Coordinator within 15 working days after "the event upon which the claim is based." DC-ADM 804 § 1(A)(3)-(5). An adverse decision by the grievance coordinator may be appealed to the Facility Manager within 15 working days of the initial-review response or rejection. Id. § 2(A)(1). Finally, an adverse decision by the Facility Manager may be appealed to "Final Review" with the Secretary's Office of Inmate Grievances and Appeals (SOIGA), and again must be submitted within 15 working days of the date of the Facility Manager's decision. Id. § 2(B)(1).

In the case at bar, it is undisputed that Terantino did not complete the appeal process required to exhaust grievance number 876511. After his initial grievance was denied, Terantino did not appeal to the Facility Manager or to final review with the SOIGA. (See Doc. 28-2 at 1-2 ¶¶ 6-7; id. at 21; Doc. 29 ¶ 4; Doc. 35 at 1 (admitting that no appeal was filed)).

5

Terantino argues that his failure to exhaust should be excused because the grievance appeal process is not outlined on the initial grievance form (DC-804 Part 1) and because he was not aware of the appeal process. This argument fails for two reasons. First, at the bottom of form DC-804 Part 1, it lists the DOC policy and section from which the grievance form derives. (See Doc. 1 at 9 (citing "DC-ADM 804, Inmate Grievance System Procedures Manual, Section 1 – Grievances & Initial Review")). This information alerts the filer to the fact that there is a full grievance system and manual, and it implies that there are other levels of review that would naturally follow "initial" review. Terantino further concedes that inmates are made aware of the grievance process through the "Prison Manual." (See Doc. 33 at 1 ¶ 3).

Second, and fatal to Terantino's argument, is that his claim of ignorance to the DOC's grievance process does not excuse his failure to exhaust. Time and again, district courts within and beyond this district have rejected prisoners' claims of ignorance to the grievance process. See, e.g., Gamon v. Bell, No. 1:20-CV-79, 2020 WL 3412683, at *5 (M.D. Pa. June 22, 2020); Tirado v. Dep't of Corr., No. 2:13-CV-1709, 2014 WL 5860598, at *4 (W.D. Pa. Nov. 12, 2014) (citing Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2003), for the proposition that "ignorance or confusion regarding . . . [prison grievance] policies does not excuse failure to adhere" to proper exhaustion requirements); see also Stokes v. Wenerowicz, No. 13-7093, 2017 WL 3226863, at *4 (E.D. Pa. July 31, 2017); Miller v. Schuylkill Cnty. Prison, No. 1:07-CV-331, 2007 WL 3342766, at *1 (M.D. Pa. Nov. 9, 2007) ("an inmate's subjective lack of awareness regarding administrative remedies will not excuse" his failure to

exhaust). Indeed, permitting a subjective claim of ignorance to excuse exhaustion would eviscerate the exhaustion requirement of the PLRA.

Terantino did not properly exhaust administrative remedies for his Eighth Amendment claim against Fortson. He only filed an initial grievance and did not appeal to the Facility Manager or to the SOIGA, as required under the DOC's grievance regime. See Williamson v. Wexford Health Sources, Inc., 131 F. App'x 888, 890 (3d Cir. 2005) (nonprecedential) (finding that filing initial grievance only was insufficient to exhaust administrative remedies under DOC's requirements). The time to do so has long since passed, and therefore Terantino has procedurally defaulted his claim. See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004); Williamson, 131 F. App'x at 890. And because Terantino has not provided any basis to excuse his procedural default, his Section 1983 claim against Fortson is barred by the PLRA.

## IV. Conclusion

We will grant Fortson's motion for summary judgment (Doc. 27) based on Terantino's failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: November 23, 2022